**WILCO COMPANY, Plaintiff,**

v.

**AUTOMATIC RADIO MANUFACTUR-ING COMPANY, Inc., Defendant.**

**Civ. A. No. 65–136.**

United States District Court
D. Massachusetts.

June 14, 1966.

Loyd M. Starrett, Joseph Zallen, Boston, Mass., for plaintiff.

Herbert P. Kenway, Elliott Englander, Boston, Mass., for defendant.

## OPINION

FRANCIS J. W. FORD, District Judge.

Both parties to this action filed applications for registration of the phrase "ALL-AMERICAN" as a trademark for radio receivers. Plaintiff Wilco Company filed its application on November 3, 1961, alleging use since August 17, 1960. Defendant Automatic Radio Manufacturing Company, Inc. filed its application on November 23, 1962 alleging use since July, 1959. An interference was declared and after hearing, the Trademark Trial and Appeal Board on December 17, 1964 held that defendant is entitled to registration of "ALL AMERICAN" and refused registration to plaintiff. Plaintiff brings this action under 15 U.S.C. § 1071(b) for review of this decision. The evidence presented to this court consisted solely of the evidence previously presented at the administrative hearing.

Defendant manufactures radio receivers including some which can be used in automobiles. According to the best recollection of defendant's officers and foremen, defendant first used the designation "ALL AMERICAN" in the 1950's in connection with the sale of a clock radio. For some years thereafter, defendant apparently made no use of "ALL AMERICAN". There is testimony that in the latter part of 1959, defendant began producing a car radio designated as model PA–63 and that at all times, excepting for mistakes, this model bore a tag upon which the term "ALL AMERICAN" appeared. Model PA–63 apparently was replaced by Model PA–74 which was first produced in the latter part of 1960. According to the testimony, a tag was attached to Model PA–74 which bore the designation "ALL AMERICAN". In January 1961, defendant began marketing a portable radio which it has advertised under the designation "CONVAIR P 990". The term "ALL AMERICAN" was printed on an escutcheon plate attached directly to this particular model.

The invoices made of record by defendant do not indicate a shipment of Model PA–63 auto radio prior to April 18, 1960. No invoices relative to models PA–74 or P 990 were placed in evidence. It has been stipulated as a fact that defendant's production on the PA–63 radio began in April 1960 and ending July 1960 with a total of 8,270 auto radios of that model number having been produced.

Also made of record is an invoice and a letter directed to defendant which tend to indicate a shipment to defendant on September 23, 1960 of fifty thousand red, white and blue tags bearing the trademark "ALL AMERICAN".

The only evidence in behalf of plaintiff constitutes the stipulated testimony of its president-treasurer and an employee of plaintiff who is identified as being in the "production end" of that company.

According to the testimony of the plaintiff's official, plaintiff began using "ALL AMERICAN" since "in about the

month of July or August of 1960". This assertion of fact was not corroborated by the other witness presented in behalf of plaintiff or by documentary matter. The official who testified for plaintiff as to the asserted first use could not recall any of the facts surrounding the sale of "ALL AMERICAN" auto radios. He didn't know to whom the sale was made, whether it was an intrastate or an interstate sale, what appeared on the labels other than "ALL AMERICAN" or which of two companies printed the labels. The exhibits made of record do not corroborate any use of "ALL AMERICAN" by plaintiff prior to late 1961.

Although an action under § 1071 is a trial *de novo*, the findings of the administrative agency are entitled to considerable weight and should not be rejected in the absence of convincing evidence that the agency was wrong, particularly where as here, no new evidence has been introduced at the trial in this court. Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657; Gold Seal Company v. Weeks, D.C., 129 F.Supp. 928, 933. In any event, this court on its own independent consideration of the evidence agrees that the decision of the Trademark Trial and Appeal Board was clearly right.

On the evidence, Automatic has been continually using the designation "ALL AMERICAN" on its radios since at least as early as April 1960, which is prior to any use by Wilco. Nothing in the evidence indicates any use by Wilco before July of 1960.

Wilco argues, however, that Automatic was not using the words as a trademark but merely as a description of its radios indicating that they were manufactured entirely from American made components. It is true that Automatic did claim as one of the desirable features of its products the fact that they were made entirely of American materials. Use of the name "ALL AMERICAN" was certainly appropriate as applied to such products. However, it was not in itself a fully descriptive name. The name "ALL AMERICAN" without the further legend included on Automatic's tags does not necessarily indicate to the purchasers that it is intended as a description of the geographical origin of the component materials of the product. The words "ALL AMERICAN" have acquired, especially as used in connection with sports, a desirable connotation of high quality, distinction and excellence. R. W. Eldridge Co., Inc. v. Southern Handkerchief Mfg. Co., D.C., 23 F.Supp. 179. It is this acquired connotation which makes the words valuable as a trademark. While they may have been descriptive of certain features of Automatic's product, they were not solely or even primarily descriptive. As the words were actually used by Automatic on the tags or plates affixed to its radios they seem clearly to have been intended as a distinctive name identifying defendant's product, rather than merely a legend descriptive of the nature of the product.

Judgment will be entered for defendant affirming the decision of the Trademark Trial and Appeal Board and adjudging that defendant is entitled upon its application to registration of the trademark "ALL AMERICAN".