AKelley
Paper No. 12

FOR PUBLICATION IN FULL

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

———

Trademark Trial and Appeal Board

———

In re Jim Crockett Promotions, Inc.

———

Serial No. 554,358

———

Dalbert U. Shefte, Francis M. Pinckney and Karl S. Sawyer, Jr. for applicant.

———

David A. Herdman, Trademark Examining Attorney, Law Office IV, (Thomas Lamone, Managing Attorney).

———

Before Rooney, Seeherman and Hanak, Members.

Opinion by Rooney, Member:

Jim Crockett Promotions, Inc. has filed an application to register the mark THE GREAT AMERICAN BASH (BASH disclaimed) for promoting, producing and presenting professional wrestling matches, claiming a first use of July 6, 1985. Registration has been refused under Section 2(e)(2) on the ground that applicant's

mark is primarily geographically descriptive.[1]  Applicant has appealed.

In the final refusal to register, the Examining Attorney recited a test for geographical descriptiveness, citing both In re Nantucket, Inc., 213 USPQ 889 (CCPA 1982) and In re Handler Fenton Westerns, Inc., 214 USPQ 848 (TTAB 1982).  As set forth by the Examining Attorney:

> A mark is primarily geographically
> descriptive within the meaning of Section
> 2(e)(2) if the goods or services at issue
> are rendered in the geographic area which
> the mark names and if there is a public
> association of those goods or services
> with that geographic area.  If the
> geographic area is neither remote nor
> obscure, a public association of the
> goods/services with the place is presumed
> from the fact that the services are
> rendered there.

It was then asserted that since the term "American," meaning United States of America,[2] does not describe a place which is

----

[1] In the first Office action the mark was held to be merely descriptive under Section 2(e)(1) and geographically descriptive under Section 2(e)(2).  The applicant disclaimed the word BASH in response thereto and the Examining Attorney withdrew the Section 2(e)(1) refusal, presumably as a result of the disclaimer.

[2] Reference is made to a previously cited definition of "American" as "adj:  1.  Pertaining to the United States of America. 2.  Pertaining to North or South America.- n. 1.  A citizen of the United States. 2.  An inhabitant of America.  (Funk & Wagnall's Standard Dictionary, 1980).

2

either obscure or remote and since a significant portion of applicant's services are rendered in the United States, a prima facie case has been made "for the geographically descriptive nature of the word 'American'." Further, argues the Examining Attorney, the addition of generic or merely descriptive wording to geographical wording does not render the phrase (sought to be registered) as a whole, nongeographical. The words of the mark are analyzed by the Examining Attorney as "the," an article without trademark significance; "great," a lauditorily descriptive term and "the word 'bash,' which applicant has disclaimed and is clearly descriptive of 'an important sports contest'". Reference was again made to a previously cited definition.[3]

As the court said in In re Nantucket, supra,

> (g)eographic terms are merely a specific kind of potential trademark subject to characterization as having a particular kind of descriptiveness or misdescriptiveness. Registration of marks that would be perceived by potential purchasers as describing or deceptively misdescribing the goods themselves may be denied under Section 2(e)(1). Registration of marks that would be perceived by potential purchasers as describing or deceptively misdescribing the

---

[3] The Examining Attorney submitted the following definition for the term "bash". "...3. an important sports contest." (New Collegiate Dictionary, 1979).

3

geographic origin of the goods may be
denied under Section 2(e)(2). In either
case, the mark must be judged on the
basis of its role in the marketplace.

Presuming that "American", per se, is a geographically descriptive term,[4] the question to be resolved is whether the composite mark THE GREAT AMERICAN BASH is primarily geographically descriptive as contemplated by the statute. In making that determination, we must keep in mind the word "primarily". The mere fact that a mark contains a geographical term, even one which is well known and which names the geographical area from which the goods or services originate, does not automatically render the mark unregistrable under Section 2(e)(2). As always, a mark must be considered in the context of its use and the meaning it would have for the relevant public when so used.

In concluding that the expression "ALL AMERICAN" does not necessarily indicate to purchasers that it is intended as a description of the geographical origin of the component materials of the product on which it is used, the term "ALL AMERICAN" was

---

[4] See American Paper & Plastic Products, Inc. v. American Automatic Vending Corporation, 152 USPQ 117 (TTAB 1966) and American Can Company v. American Automatic Vending Corporation, 151 USPQ 215 (TTAB 1966).

4

said by the court to "have acquired, especially as used in connection with sports, a desirable connotation of high quality, distinction and excellence." See Wilco Company v. Automatic Radio Manufacturing Company, Inc., 151 USPQ 24 (D. Mass. 1966) citing R. W. Eldridge Co., Inc. v. Southern Handkerchief Mfg. Co., 23 F. Supp. 179, 37 USPQ 608 (W.D. S.C. 1938).

The term "Great American" in our view, suggests, in much the same way as "All American" something of desirable quality or excellence. The word "Bash" is also suggestive in relation to the services performed by applicant.[5] Considering the mark, THE

---

[5] Although applicant disclaimed the word "Bash" in response to the Examining Attorney's definition of said word as "an important sports contest," we do not believe the disclaimer was necessary. We have reviewed six dictionaries, (various editions) in addition to that cited by the Examining Attorney and can find no definition of the word to mean "an important sports contest" in any but that cited. See Webster's Third New International Dictionary, 1961 & 1976; Webster's New World Dictionary of The American Language, College Edition 1962; The Random House College Dictionary, 1982; Webster's Universal Unabridged Dictionary, 1979; The American Heritage Dictionary of the English Language, New College Edition, 1976 and The Dictionary of American Slang, Second Supplemental Edition 1975. Since the Funk & Wagnall's Standard Dictionary, 1980 was relied on to support definitions of the words in the mark, other than BASH, we assume that it did not contain the cited definition of "bash." Under the circumstances, we believe the more accepted (and thus better known) definition of "bash" is, as a noun, "a crushing or violent blow" and, as a verb, "to strike violently," certainly suggestive but not necessarily descriptive of services involving wrestling matches. The disclaimer is therefore unnecessary and in fact, not contemplated by Section 6. Accordingly, before this application proceeds to issue, the disclaimer should be deleted. See In re Westland, Inc., 196 USPQ 703 (TTAB 1977).

5

GREAT AMERICAN BASH in its entirety, we cannot believe that the public would consider that it is intended to, or that it does, primarily describe the geographical origin of applicant's services.

Decision: In view thereof, the refusal to register is reversed.

L. E. Rooney

E. J. Seeherman

E. W. Hanak
Members, Trademark
Trial and Appeal Board

OCT 2 8 1987

6